UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Angel Hernandez,

    Plaintiff,

v.

La Fuente Ltd. d/b/a La Fuente Restaurant
And Jose Zarate,

    Defendants.

Case No. 25-CV-1619

PLAINTIFF DEMANDS
TRIAL BY JURY

## COMPLAINT

Plaintiff Angel Hernandez ("Plaintiff"), by and through their attorneys, James M Dore, complains against, La Fuente Ltd. d/b/a La Fuente Restaurant and Jose Zarate (collectively "Defendants"). In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Milwaukee, Wisconsin; and was employed by La Fuente Ltd. d/b/a La Fuente Restaurant and Jose Zarate

3. Defendant La Fuente Ltd. d/b/a La Fuente Restaurant is a restaurant business located and conducting business in Milwaukee, Wisconsin. La Fuente Ltd. d/b/a La Fuente Restaurant

is a corporation organized under the laws of Wisconsin.

4. Jose Zarate is the owner and president of La Fuente Ltd. d/b/a La Fuente Restaurant and is in charge of its employees. On information and belief, Defendant Jose Zarate is a resident of Mequon, Wisconsin.

5. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Both Defendants are engaged in interstate commerce since La Fuente Ltd. d/b/a La Fuente Restaurant handles meat, milk products, coca cola products, potatoes, rice, liquors and other like kind out-of-state products that crossed interstate borders, were delivered to La Fuente Ltd. d/b/a La Fuente Restaurant and sold to Wisconsin customers. Additionally, there are more than three employees working at La Fuente Ltd. d/b/a La Fuente Restaurant.

## Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form a part of the same case or controversy.

7. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district in or around Milwaukee, Wisconsin.

## Facts Common to All Claims

8. Defendant La Fuente Ltd. d/b/a La Fuente Restaurant is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

9. Defendant Jose Zarate is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he was Plaintiff's head "boss" at La Fuente Ltd. d/b/a La Fuente Restaurant; (2) he had the power to hire and fire the employees, including Plaintiff; (3) he supervised and controlled Plaintiff's work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and (5) he maintained employment record.

## FIRST CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATIONVIOLATION OF THE FLSA

10. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 10.

11. Plaintiff Angel Hernandez began working at La Fuente Ltd. d/b/a La Fuente Restaurant in or about 1992.

12. At all times, Plaintiff Angel Hernandez held the same position at La Fuente Ltd. d/b/a La Fuente Restaurant, where he was a cook and food preparer.

13. Plaintiff Angel Hernandez was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform cooking and food preparation duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff Angel Hernandez's general schedule with Defendants required Plaintiff to work on average 50 hours per week.

15. Plaintiff Angel Hernandez was paid his wages on a biweekly basis.

16. Plaintiff Angel Hernandez's rate of pay at all relevant times was $23.00 per hour, without

any overtime premium compensation

17. Plaintiff Angel Hernandez's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

18. Throughout the course of Plaintiff Angel Hernandez's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff Angel Hernandez not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked; and Defendants' failure and refusal to pay Plaintiff Angel Hernandez overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21. Plaintiff Angel Hernandez is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $16,905.00 in unpaid overtime wages; (ii) liquidated damages of $16,905.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages is attached as Exhibit A.

## Prayer for Relief on First Claim for Relief

WHEREFORE, Plaintiff Angel Hernandez respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants La Fuente Ltd. d/b/a La Fuente Restaurant and Jose Zarate, jointly and severally, for:

    a. The amount of unpaid overtime wages for all time worked by Plaintiff Angel Hernandez, totaling at least $16,905.00;

    b.       An award liquidated damages in an amount equal to at least $16,905.00;

    c.       A declaration that Defendants violated the FLSA;

    d.       An award reasonable attorneys' fees and costs; and

    e.       Any such additional or alternative relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW**

22.    Plaintiff reincorporates by reference Paragraphs 1 through 21, as if set forth in full herein for Paragraph 22.

23.    Defendant La Fuente Ltd. d/b/s La Fuente Restaurant was an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2) and Wis. Admin. Code § DWD 274.03.

24.    Defendant Jose Zarate was an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2) and Wis. Admin. Code § DWD 274.03.

25.    Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.03.

26.    Wisconsin law requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

27.    Plaintiff was not exempt from the overtime pay requirements of Wisconsin law.

28.    At all relevant times during the two years preceding the filing of this action, Plaintiff performed work in excess of 40 hours in at least one work week.

29.    At all relevant times during the two years preceding the filing of this action, Defendants did not pay Plaintiff one-and-one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.

30.    The foregoing practice violates Wisconsin law.

31. Defendants' violations of Wisconsin law were for dilatory or unjust reasons.

32. Because of these violations, Plaintiff has suffered wage loss. wage loss.

### Prayer for Relief on Second Claim for Relief

WHEREFORE, Plaintiff Angel Hernandez respectfully requests that this Honorable Court enter a judgment in his favor and against Defendants La Fuente Ltd. d/b/a La Fuente Restaurant and Jose Zarate, jointly and severally, for:

a. Judgment against Defendants in an amount equal to Plaintiff's unpaid overtime wages under the FLSA and Wisconsin law;

b. Judgment against Defendants in an amount equal to 50 percent of Plaintiff's unpaid overtime wages as civil penalties under the Wisconsin law;

c. An order declaring that Defendants violated the FLSA and Wisconsin law;

d. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin law; and

e. Any further relief that the Court deems just and equitable.

s/James M. Dore
*Attorney For Plaintiff*
**James M. Dore**
**Dore Law Offices**
6232 N. Pulaski #300
Chicago, IL 60646
P: 773-415-4898
E: james@dorelawoffices.com

**PLAINTIFF DEMAND TRIAL BY JURY**